OPINION
Plaintiff-Appellee suffered damages as a result of the wrongful death of her mother caused by an automobile accident on January 22, 1998.
The tortfeasor's insurer paid it's liability policy limits of $50,000.00 to the Estate.
This amount, less costs and attorney fees was distributed to the beneficiaries of the Estate, those beneficiaries being her four surviving children.
The share received by Appellee was $81,888.40.
Appellee filed a Complaint seeking underinsured motorist benefits from her insurer, Appellant General Accident Insurance Company.
The underinsured limits of her policy were $25,000.00 per accident.
Appellant and Appellee each filed Motions for Summary Judgment with regard to coverage.
By Judgment Entry filed on November 14, 2000, the trial court overruled Appellant's Motion for Summary Judgment and granted Appellee's Motion for Summary Judgment holding that Appellee was entitled to coverage under the policy with coverage of $25,000.00 less the $8,188.40 she had received from the Estate.
It is from this judgment that Appellant timely appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BY HOLDING THAT APPELLEE SANDRA MARVIN MECURIO WAS ENTITLED TO UNDERINSURED MOTORIST COVERAGE WHEN THE TORTFEASOR'S INSURER PAID ITS LIABILITY LIMIT OF $50,000 WHICH IS GREATER THAN APPELLEE'S POLICY LIMIT OF $25,000.
 II. THE TRIAL COURT ERRED IN THE CALCULATION OF THE AMOUNT OF COVERAGE "AVAILABLE FOR PAYMENT" TO APPELLEE BY DISREGARDING THE PAYMENT FROM THE TORTFEASOR'S INSURANCE COMPANY THAT WENT TOWARD ATTORNEY FEES AND COSTS ASSOCIATED WITH PROBATING THE ESTATE.
 I.
Appellant argues that the trial court erred in denying it's motion for summary judgment and granting appellee's motion for summary judgment. We disagree.
In light of the Ohio Supreme Court's decision in Littrell v.Wigglesworth (2001), 91 Ohio St.3d 425, holding that the insureds were entitled to UIM benefits to extent that their UIM coverage exceeded amounts actually accessible to and recoverable from all bodily injury liability bonds and insurance policies, including from tortfeasor's liability carrier, we find that the trial court did not err in holding that appellee Sandra Marvin Mecurio was entitled to underinsured motorist coverage when the tortfeasor's insurer paid its liability limit of $50,000 which is greater than appellee's policy limit of $25,000.
Appellant's Assignment of Error I is overruled.
 II.
Appellant argues that the trial court erred in it's calculation of the amount of coverage "available for payment" to appellee by disregarding the payment from the tortfeasor's insurance company that went toward attorney fees and costs associated with probating the estate. We agree.
Expenses and attorney fees are not part of the set off equation under R.C. § 3937.18(A)(2) providing that underinsured motorist (UIM) carrier may set off amounts received by insured from applicable UIM policy limits; such fees are an expense of an insured and should not act, in order to increase UIM benefits, to reduce the "amounts available for payment" from the tortfeasor's automobile liability carrier.Wigglesworth, supra.
In the case sub judice, the tortfeasor's insurer paid its liability limit of $50,000.00 to the Estate. As this amount was divided equally among the four surviving children, i.e. Appellee and her three siblings, the amount available for payment to appellee was in fact $12,500.00. As such, the set-off amount that the trial court should have used was $12,500.00, not $8,188.40.
We therefore find Appellant's Assignment of Error II well-taken and hereby sustain same.
The judgment of the Court of Common Pleas Court, Richland County is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed and remanded in part.
Boggins, J. Farmer, P.J. Hoffman, J.